**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER SANCHEZ,

    Defendant - Appellant.

No. 13-2224

(D.C. No. 13-CR-01928-SHS-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

Defendant Christopher Sanchez entered a blind plea to one count of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). The district court sentenced him to 151 months in prison consistent with the low end of the applicable guideline range for career offenders. Defendant timely appealed his sentence. Our jurisdiction arises under 18 U.S.C. § 3742(a). Now before the Court is defense counsel's Anders brief as well as counsel's motion to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

withdraw. See Anders v. California, 386 U.S. 738 (1967). Defendant has been notified and told that he could timely file a pro se brief. He has not done so. After plenary review, defense counsel's brief and motion are well taken. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.

In Anders, the Supreme Court held that if appointed counsel "finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. Counsel must submit to the court a brief "referring to anything in the record that might arguably support an appeal." Id. When counsel submits an Anders brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). If we agree with counsel's evaluation of the case, we grant the request to withdraw and dismiss the appeal. Anders, 386 U.S. at 744.

The docket sheet reflects per return receipt that the clerk of court notified Defendant of the Anders brief and the motion to withdraw. In accordance with 10th Cir. R. 46.4(B)(2), the clerk also notified Defendant of his opportunity to file a response thereto. As stated, Defendant has not responded and the time for doing so has now passed. In his Anders brief, Defendant's counsel, an Assistant Federal Public Defender, identifies three possible challenges to Defendant's sentence: (1) the pre-sentence report improperly classified Defendant as a career offender; (2) the

2

district court did not adequately explain the sentence imposed; and (3) the sentence imposed is substantively unreasonable.

Our careful review of the record reveals counsel properly evaluated this case. We agree with counsel's assessment: "None of these issues even arguably have merit, and are therefore wholly frivolous." <u>Anders</u> Brief at 4. Given Defendant's failure to respond, we need not opine further. We commend defense counsel for his forthrightness. Accordingly, defense counsel's motion to withdraw is GRANTED and Defendant's appeal is DISMISSED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge